UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO HERRERA, | 1:13-cv-01429-AWI-GSA-PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED (Docs. 9, 10.) |
| vs. | |
| GILL, et al., | |
| Defendants. | OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

**I.     BACKGROUND**

Roberto Herrera ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on September 9, 2013. (Doc. 1.) The court screened the Complaint and entered an order on January 17, 2014, dismissing the Complaint for failure to state a claim, with leave to amend. (Doc. 11.)

On October 10, 2013 and October 23, 2013, Plaintiff filed motions for preliminary injunctive relief. (Docs. 9, 10.)

**II.    PRELIMINARY INJUNCTIVE RELIEF**

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v.

1

Camenisch, 451 U.S. 390, 395 (1981).  A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987).  Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id.  Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id.  At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy.  City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006).  If the court does not have an actual case or controversy before it, it has no power to hear the matter in question.  Id.  Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985).

**Discussion**

Plaintiff requests a court order directing prison officials to follow the correct procedures in delivering medication, to resolve issues concerning Plaintiff's mattress, to provide Plaintiff with indigent envelopes, and to resolve problems with interference with Plaintiff's mail.

Because Plaintiff's Complaint was dismissed on January 17, 2014, with leave to amend, the court does not have before it an actual case or controversy at this juncture, nor does the court have jurisdiction over any of the defendants in this action.  Zepeda, 753 F.2d at 727.  Accordingly, Plaintiff's motions for preliminary injunctive relief should be denied.

///

///

### III. CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that Plaintiff's motions for preliminary injunctive relief, filed on October 10, 2013 and October 23, 2013, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty days after being served with these findings and recommendations, Plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **January 21, 2014**                    **/s/ Gary S. Austin**
                                                              UNITED STATES MAGISTRATE JUDGE