UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO HERRERA,<br><br>             Plaintiff,<br><br>     vs.<br><br>GILL, et al.,<br><br>             Defendants. | 1:13-cv-01429-AWI-GSA-PC<br><br>ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS<br>(Doc. 25.)<br><br>ORDER DISMISSING EIGHTH AMENDMENT DELIBERATE INDIFFERENCE CLAIM AGAINST DEFENDANT BALLESTEROS FOR FAILURE TO STATE A CLAIM WITH LEAVE TO AMEND<br><br>ORDER DISMISSING REMAINING CLAIMS, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED |

Roberto Herrera ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 9, 2015, findings and recommendations were entered, recommending that this action be dismissed based on plaintiff's failure to state a claim upon which relief may be granted under §1983.  (Doc. 25.)  On March 25, 2015, Plaintiff filed objections to the findings and recommendations.  (Doc. 26.)

1

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, including plaintiff's objections, the court finds the findings and recommendations – with one exception – to be supported by the record and proper analysis.

The Magistrate Judge found that plaintiff's claims regarding the named and unnamed LVNs' failures or refusals to issue medication did not state a claim for violation of the Eighth Amendment. A showing of deliberate indifference in violation of the Eighth Amendment involves examination of two elements: a serious medical need and the defendant's response to that need. McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992) overruled on other grounds by, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc); Bibbs v. Sayre, 2014 WL 4090529, *4 (N.D. Cal. Aug. 18, 2014). This Court agrees that, despite plaintiff having alleged a serious medical need, plaintiff's allegation that he did not receive his prescribed medication is insufficient to show defendants' deliberate indifference to that need (i.e., that the nurses knew that he would suffer pain but purposefully or deliberately refused to provide the medication prescribed). See Lopez v. Florez, 2013 WL 5719516, *7-8 (E.D. Cal. Oct. 21, 2013). However, in plaintiff's objections to the Magistrate Judge's findings and recommendations, he articulated additional facts regarding his interactions with the nurses who refused to provide him with his prescribed pain medication. Doc. 26 at 2-4.[1] This Court cannot say that any further amendment would be futile as to this claim. Accordingly, as to this claim only, Plaintiff will be granted leave to amend.

Otherwise, the Court agrees that the Magistrate Judge's findings and recommendations are supported by the record and proper analysis.

///

---

[1] Plaintiff notes in his objections that he made defendant Ballesteros aware that he had not received his prescribed medication and that he was in pain but she refused to provide the prescribed medication. Such conduct, if factually developed, could indicate deliberate indifference. Bibbs v. Sayre, 2014 WL 4090529 at *5 (citing McGuckin, 974 F.2d at 1062); Lopez v. Florez, 2013 WL 5719516 at *5 ("Deliberate indifference may appear when a defendant denies … or intentionally interferes with medical treatment.") Plaintiff is warned that a showing of "negligence" or "medical malpractice" is inadequate to show deliberate indifference. Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).

Accordingly, THE COURT HEREBY ORDERS that:

1. The Findings and Recommendations issued by the Magistrate Judge on March 9, 2015, are adopted in part;

2. Plaintiff's claim that Defendant Ballesteros and other unknown nurses refused to provide him his prescribed medication is dismissed, for failure to state a claim. Plaintiff will be afforded one final opportunity to amend as to this claim;

3. Plaintiff may file an amended complaint as to his Eighth Amendment claim for deliberate interference with medical treatment by Defendant Ballesteros and other unknown nurses within 45 days of the date of this order, failure to file an amended complaint will result in dismissal of the action and closure of the case;

3. All other claims and defendants are dismissed from this action, with prejudice, based on plaintiff's failure to state a claim upon which relief may be granted under § 1983.

IT IS SO ORDERED.

Dated:   May 6, 2015                              _____
                                                              SENIOR  DISTRICT  JUDGE