UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO HERRERA, | 1:13-cv-1429-AWI-EPG-PC |
| Plaintiff, | ORDER DENYING MOTION FOR RECONSIDERATION<br>(Doc. No. 45.) |
| vs. | |
| GILL, et al., | |
| Defendants. | ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL AS MOOT<br>(Doc. No. 46.) |

**I.   RELEVANT PROCEDURAL HISTORY**

Roberto Herrera ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983.  On April 21, 2016, the Court issued an order that closed and dismissed this case with prejudice for failure to state a claim.  Doc. No. 43.

On May 2, 2016, Plaintiff filed a motion for reconsideration of the order dismissing the case, and a motion for appointment of counsel.  Doc. Nos. 45, 46.

**II.   MOTION FOR RECONSIDERATION**

Rule 60(b) allows the Court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; or (6) any other reason that justifies relief."  Fed. R. Civ. P. 60(b).  Rule 60(b)(6) "is to be used sparingly as an equitable remedy to

prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. <u>Harvest v. Castro</u>, 531 F.3d 737, 749 (9th Cir. 2008). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." <u>Id.</u> In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." <u>Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.</u>, 571 F.3d 873, 880 (9th Cir. 2009). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the Court before rending its original decision fails to carry the moving party's burden." <u>Credit Bureau Connection, Inc. v. Pardini</u>, 726 F.Supp.2d 1107, 1132 (E.D. Cal. 2010); <u>Honor Plastic Co. v. Lollicup USA, Inc.</u>, 462 F.Supp.2d 1122, 1134 (E.D. Cal. 2006). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. <u>Credit Bureau</u>, 726 F.Supp.2d at 1132; <u>Honor Plastic</u>, 462 F.Supp.2d at 1135.

Here, Plaintiff declares that on March 28 or March 29, 2016, he prepared and mailed a motion for an extension of time (45 days) and a request for the Clerk to send him a copy of his first amended complaint, the Court's screening order, and a blank second amended complaint form. Plaintiff further declares that, since he was accused of staff assault on November 16, 2015, all of his legal documents and personal belongings were not issued to him. Plaintiff declares that he complained about not being issued his legal materials and belongings. Plaintiff declares that he was taken by a correctional officer to review the legal papers of all his active cases. Plaintiff declares that his legal work was "trashed," that he briefly went through the papers, and then told the correctional officer to "through everything in the trash because document[s] are missing and all trashed out." Plaintiff declares that the correctional officer refused, and instead saved Plaintiff's papers in storage. Plaintiff declares that on March 4,

2016, he was reassigned and issued all of his belongings and documents. Plaintiff went through his documents and discovered that several documents to this case were missing. Plaintiff declares that after he went through his papers and discovered that documents relating to this case were missing, he prepared a motion for extension of time and for copies of documents 17 and 25 in the Court's docket.

In essence, Plaintiff is requesting reconsideration on the basis of a motion for an extension of time that was never received by the Court. The Court finds that Plaintiff would not have been given another extension of time. First, Plaintiff has received <u>five</u> extensions of time to file a second amended complaint. The second amended complaint was to be limited to one claim – that nurses violated the Eighth Amendment because they were deliberately indifferent to Plaintiff's pain by failing to give Plaintiff pain medication. <u>See</u> Doc. No. 27. This is not a particularly complex claim. From the time that Plaintiff was granted leave to amend to the time that this case was finally closed, almost a full year had passed. Plaintiff had been given over 10 months in extensions to file an amended complaint, which is more than enough time to complete and file such a limited complaint. Second, Plaintiff was given the opportunity to review his legal documents. Plaintiff states he saw that some documents were missing and wanted the correctional officer to throw all papers away. Plaintiff does not explain what efforts he made to see what papers from this case were missing at that time, or what efforts he made to obtain documents relative to this case. In other words, when given the opportunity to examine and possibly retrieve some legal documents in this case, Plaintiff did not do so. Third, Plaintiff does not describe what efforts he had made prior to March 29, 2016, in which to file a second amended complaint in this case. Fourth, Plaintiff does not expressly identify which papers from this case were missing from his legal documents. Plaintiff does say that he requested the Clerk to send him Documents 17 (Plaintiff's first amended complaint) and 25 (findings and recommendation to dismiss first amended complaint with prejudice) from the Court's docket. The Court will assume that these two documents were missing. However, this means that Plaintiff was still in possession of his original compliant, the screening order for that complaint which listed the legal standard for an Eighth Amendment claim (Doc. No. 11), his

objections to the last findings and recommendation (Doc. No. 26), and the order that adopted in part the last findings and recommendation and gave Plaintiff permission to file a limited second amended complaint (Doc. No. 27). Given the documents in Plaintiff's possession, it is unclear how the absence of Documents 17 and 25 would have prevented Plaintiff from filing a limited seconded amended complaint.

For these reasons, the Plaintiff's extension of time would not have been granted and would not have prevented dismissal and closure of this case. Because Plaintiff has not set forth facts or law of a strongly convincing nature in his motion for reconsideration to induce the Court to reverse its prior decision, Plaintiff's motion for reconsideration will be denied.

### III. MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff seeks court-appointed counsel to represent him in this case. In light of the ruling herein denying Plaintiff's motion for reconsideration, and the fact that this case was dismissed and closed on April 21, 2016, Plaintiff's motion for counsel is moot.

### IV. ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration (Doc. No. 45) and motion for appointment of counsel (Doc. No. 46) are both DENIED; and
2. This case remains CLOSED.

IT IS SO ORDERED.

Dated:   May 5, 2016                      _____
                                          SENIOR DISTRICT JUDGE